| | | |
|---|---|---|
| Debtor 1 | Dejuan  Kelker, II | |
| | First Name    Middle Name | Last Name |
| Debtor 2 | | |
| (Spouse, if filing) | First Name    Middle Name | Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF OHIO | |
| Case number: | 25-12258 | |
| (If known) | | |

☒ Check if this is an amended plan, and list below the sections of the plan that have been changed.
2.1, 3.1, 3.2, 5.1

Official Form 113
# Chapter 13 Plan
12/17

## Part 1:  Notices

**To Debtor(s):**  **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:**  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☒ Not Included |

## Part 2:  Plan Payments and Length of Plan

**2.1**  **Debtor(s) will make regular payments to the trustee as follows:**

$15,227.50 per Month for 60 months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2**  **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*

☒ Debtor(s) will make payments pursuant to a payroll deduction order.
☒ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*

| Debtor | Dejuan Kelker, II | Case number | 25-12258 |
|---|---|---|---|

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☒ Debtor(s) will treat income refunds as follows: As per the confirmation order.

**2.4 Additional payments.**
*Check one.*
☒ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $913,650.00.**

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Andrews FCU | 9613 Lake Shore, Cleveland, OH 44108 Cuyahoga County PPN: 631-02-027 | $4,627.83<br>Disbursed by:<br>☒ Trustee<br>☐ Debtor(s) | Prepetition: $79,727.29 | 0.00% | $1,696.33 | $357,397.09 |
| Andrews FCU | 9613 Lake Shore, Cleveland, OH 44108 Cuyahoga County PPN: 631-02-027 | $1,611.57<br>Disbursed by:<br>☒ Trustee<br>☐ Debtor(s) | Prepetition: $18,685.43 | 0.00% | $397.56 | $115,379.63 |

*Insert additional claims as needed.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☒ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed

| Debtor | Dejuan Kelker, II | Case number | 25-12258 |

in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Breezy Bluff Community Association | $29,959.50 | 9613 Lake Shore, Cleveland, OH 44108 Cuyahoga County PPN: 631-02-027 | $820,000.00 | $574,751.98 | $29,959.50 | 8.0% | $747.26 | $35,121.09 |
| FCI Lenders | $133,047.06 | 3485 State Street NW, Uniontown, OH 44685 Stark County Parcel: 2000437 | $199,000.00 | $0.00 | $120,330.00 | 7.00% | $2,941.00 | $138,227.05 |
| Gm Financial | $50,904.15 | 2018 Porche Panamera 56000 miles | $50,000.00 | $0.00 | $40,363.59 | 8.45% | $1,016.04 | $47,753.71 |
| Wells Fargo Dealer Services | $36,467.33 | 2017 Chevy Corvette Stingray 32000 miles | $35,800.00 | $0.00 | $27,147.80 | 0.00% | $577.61 | $27,147.80 |
| Wells Fargo Dealer Services | $36,467.33 | 2017 Chevy Corvette Stingray 32000 miles | $35,800.00 | $0.00 | $9,319.53 | 0.00% | $198.29 | $9,319.53 |

*Insert additional claims as needed.*

3.3  **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☒ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4  **Lien avoidance**.

*Check one.*

☒ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

| Debtor | Dejuan Kelker, II | Case number | 25-12258 |
|---|---|---|---|

**3.5** **Surrender of collateral.**

*Check one.*

☒ **None**. If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

## Part 4: Treatment of Fees and Priority Claims

**4.1** **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be <u>5.50</u>% of plan payments; and during the plan term, they are estimated to total $<u>50,250.60</u>.

**4.3** **Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $<u>3,500.00</u>.

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ **None**. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.
☒ The debtor(s) estimate the total amount of other priority claims to be <u>$25,655.02</u>

**4.5** **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☒ **None**. If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☒ The sum of $ 85,938.04 .
☒ <u>100</u> % of the total amount of these claims, an estimated payment of $ <u>85,938.04</u> .
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $<u>    </u>.
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒ **None**. If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3** **Other separately classified nonpriority unsecured claims.** *Check one*.

☒ **None**. If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6: Executory Contracts and Unexpired Leases

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

| Debtor | Dejuan Kelker, II | Case number | 25-12258 |

☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☒ plan confirmation.
☐ entry of discharge.
☐ other: _____

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**
☒ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signature(s):

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X /s/ Dejuan Kelker, II                         X _____
Dejuan Kelker, II                                   Signature of Debtor 2
Signature of Debtor 1

Executed on _____                     Executed on _____

X /s/ Paul Bayer                                Date _____
Paul Bayer 0040388
Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $472,776.72 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $257,569.18 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $79,405.62 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $85,959.26 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* + | $0.00 |
| | **Total of lines a through j** | $895,710.78 |

# CERTIFICATE OF SERVICE

A copy of the foregoing *Amended Chapter 13 Plan* was sent on this 30th day of October 2025:

Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

Paul Bayer, on behalf of Paul Allen Bayer CO., LPA at [BayerLaw17@gmail.com](mailto:BayerLaw17@gmail.com)

Lauren Helbling, on behalf of the Chapter 13 Trustee's office at [lhelbling@ch13cleve.com](mailto:lhelbling@ch13cleve.com)

US Trustee, on behalf of the US Trustee's Office, at [registereduser@doj.gov](mailto:registereduser@doj.gov)

And by regular U.S. mail, postage prepaid, on:

Howard M. Metzenbaum U.S. Courthouse
United States Bankruptcy Court
Howard M. Metzenbaum U.S. Courthouse
201 Superior Avenue
Cleveland, OH 44114-1235

Wells Fargo Bank N.A., d/b/a Wells Fargo
Au PO Box 169005
Irving, TX 75016-9005

Akron, OH 44308
AmeriCredit Financial Services, Inc. dba GM
P O Box 183853
Arlington, TX 76096-3853

Andrews FCU
5711 Allentown R
Suitland, MD 20746-4547

Andrews FCU

Attn: Bankruptcy
5711 Allentown Rd
Suitland, MD 20746-4547

Andrews Federal
Credit Union
5711 Allentown Rd
Suitland, Maryland 20746-4547

Andrews Federal Credit Union
5711 Allentown Road
Suitland, MD 20746-4547

Andrews Federal Credit Union
C/O Brock and Scott, PLLC
Attorneys at Law
3825 Forrestgate Dr.
Winston-Salem, NC 27103-2930

Best Egg
PO BOX 42912
Philadelphia, PA 19101-2912

Breezy Bluff Community Association
C/O Tammy Toppins
1806 Cook Avenue
Cleveland, OH 44109-5637|

Breezy Bluff Community Association, Inc.
Eques Law Group
9821 Olde Eight Rd., #1
Northfield, OH 44067-1456

Business Backer
10856 Reed Hartman Highway
Suite 100
Cincinnati, OH 45242-0209

CLEVELAND CLINIC
PO BOX 1123
MINNEAPOLIS, MN 55440-1123

FCI Lenders
8180 E Kaiser Blvd
Anaheim, CA 92808-2277

Fundworks 299 South Main Street
Suite 1400   PMB 93894
Salt Lake City, UT 84111-2236

Gm Financial 801 Cherry St
Ste 3600
Fort Worth, TX 76102-6855

Gm Financial
PO Box 181145
Arlington, TX 76096-1145

John J. Rutter, Esq
Roetzel - 222 S. Main Street
Suite 400
Akron OH 44308
United States

Lending Club
595 Market St
San Francisco, CA 94105-5839

Lending Club
Attn: Bankruptcy
595 Market St
San Francisco, CA 94105-5839

Lending Club Bank, NA
P.O. BOX 884268
Los Angeles, CA 90088-4268

LENDINGPOINT
1201 ROBERTS BLVD
SUITE 200
KENNESAW GA 30144-3612

25-12258-skk
LENDINGPOINT
1201 ROBERTS BLVD
SUITE 200
KENNESAW GA 30144-3612

Lendumo
PO BOX 542
Lac Du Flambeau, WI 54538-0542

Lindsey A. Wrubel, Esq.

Eques Law Group
9821 Olde Eight Rd., #1
Northfield, OH 44067-1456

Mantis Funding
2700 N. Military Trail
Suite 450

Mercury/Fbt
PO BOX 84064
Columbus, GA 31908-4064

Navy Fcu
1 Security Pl
Merrifield, VA 22119-0001

Navy Fcu
Attn: Bankruptcy
PO Box 3302
Merrifield, VA 22119-3302

Navy Federal Credit Union
Attn: Bankruptcy
PO Box 3302|Merrifield, VA 22119-3302

Navy Federal Credit Union
P.O. Box 3000
Merrifield, VA 22119-3000

Navy Federal Credit Union
PO Box 3700
Merrifield, VA 22119-3700

Ohio Department of Taxation
Bankruptcy Division
P.O. Box 530
Columbus, Ohio 43216-0530

Onemain Financial
Attn: Bankruptcy
PO Box 142
Evansville, IN 47701-0142

Onemain Financial
PO Box 1010
Evansville, IN 47706-1010

Quantum3 Group LLC as agent for
Sadino Funding LLC|PO Box 788
Kirkland, WA 98083-0788

WAHIDO LENDING DBA RIVER VALLEY LOANS
PO BOX 222|FT THOMPSON SD 57339-0222

Rocket Loans
1274 Library St
Detroit, MI 48226-2256

Attn: Bankruptcy
1050 Woodward Ave
Detroit, MI 48226-3573

Stacy Kelker
21 N. Furnace Street
Akron, OH 44308-1959

Toast Capital
333 Summer Street
Boston, MA 02210-1702

Torro
5965 South 900 East Suite 300
Salt Lake City, UT 84121-1861

US DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT RV
477 MICHIGAN AVE #1600
DETROT MI 48226-2564

Wells Fargo Bank NA
Attn: Bankruptcy
1 Home Campus
MAC X2303-01A FL 3
Des Moines, IA 50328-0001

Wells Fargo Bank NA
PO Box 393
Minneapolis, MN 55480-0393
Wells Fargo Dealer Services
Attn: Bankruptcy
1100 Corporate Center Dr
Raleigh, NC 27607-5066

Wells Fargo Dealer Services
PO Box 7109
Charlotte, NC 28272-1092
Western Reserve Community Fund
1 Cascade Plaze South
Suite 1700
Akron, OH 44308

Dejuan Kelker II
9613 Lakeshore Blvd,
Cleveland, OH 44108-1046

Lauren A. Helbling
200 Public Square Suite 3860
Cleveland, OH 44114-2322

                                          /s/ Paul A. Bayer
                                          Paul A. Bayer (0040388)
                                          PAUL ALL EN BAYER CO., LPA
                                          Attorney for Debtor